UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLORIA CARTER                                          CIVIL ACTION

v.                                                     NO. 17-13253

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA; ET AL.                      SECTION "F"

ORDER AND REASONS

Before the Court is the defendant-in-concursus' motion for summary judgment. For the following reasons, the motion is GRANTED as unopposed.

**Background**

This concursus proceeding concerns $15,000 in settlement funds remitted by an insurance company following an automobile accident.

In April of 2014, Gloria Carter sustained injuries in an automobile accident that occurred in a Sam's Club parking lot in Kenner, Louisiana. Following the accident, Carter sought treatment from numerous medical providers. She also retained a lawyer to pursue a lawsuit against the other driver, who carried automobile liability insurance through National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). In late March of 2017, Carter and National Union participated in a settlement conference, during which they confected a final settlement of the plaintiff's claims for $15,000.

1

About a month later, on April 21, 2017, Carter filed a petition for concursus in the 24th Judicial District Court for the Parish of Jefferson, requesting leave to deposit the $15,000 settlement proceeds into the registry of the court. Carter's petition names as defendants-in-concursus various attorneys and medical providers, including Hospital Service District #1 of Tangipahoa Parish d/b/a North Oaks Health System ("North Oaks").[1] On April 27, 2017, the state court entered an order authorizing Carter to deposit into its registry the $15,000 settlement proceeds received from National Union.[2]

Several months later, on November 11, 2017, the United States, by and on behalf of HHS, removed the concursus proceeding to this Court pursuant to 28 U.S.C. §§ 1441 and 1442(a)(1). Following removal, several defendants-in-concursus were dismissed, such that only six remained parties to this action.[3] In an attempt to

---

[1] The petition also names as defendants-in-concursus the following entities: Advanced Neurodiagnostic & Pain Treatment, Inc.; Hammond Physical Therapy Clinic; Neuroscience and Pain Institute and/or Dr. Chad Domangue; Cypress Point Surgical Hospital; Geaux 2 Pediatrics; YPS Anesthesia; Open Sided MRI of New Orleans; Morgan's Discount Pharmacy; and the Keating Firm, L.L.C. Carter subsequently filed two supplemental and amending petitions to name three additional defendants-in-concursus: the Yeager Law Firm, L.L.C.; the United States Department of Health and Human Services ("HHS"); and Causeway Interventional Medicine, LLC.

[2] As far as this Court is aware, the settlement funds remain under deposit with the 24th Judicial District Court for the Parish of Jefferson.

[3] As of March 14, 2018, the following six defendants-in-concursus remained parties to this action: (1) the Keating Law Firm, LLC; (2) the Yeager Law Firm, LLC; (3) HHS; (4) North Oaks; (5) Open

conclude this matter, on July 6, 2018, the six remaining defendants-in-concursus filed a joint motion for consent judgment and dismissal. Stipulating that they had agreed to an allocation of the funds, the remaining defendants prayed that the funds be distributed in accordance therewith and that the action be closed. Specifically, the defendants stipulated that the funds should be allocated as follows:

```
Keating Law Firm, LLC . . . . . . . . . . . . . .$5,000.00
Yeager Law Firm, LLC . . . . . . . . . . . . . . $1,500.00
HHS . . . . . . . . . . . . . . . . . . . . . . .$1,469.61
Open Sided MRI of New Orleans, LLC . . . . . . . $751.88
Causeway Interventional Medicine, LLC . . . .$4,966.04
North Oaks . . . . . . . . . . . . . . . . . . .$1,312.47
```

But, that motion was marked as "filed in error" because the plaintiff did not participate in filing it. Defendant-in-concursus, North Oaks, now moves for summary judgment, seeking distribution of the proceeds in accordance with the remaining defendants' agreement and dismissal of this action.

I.

*A.*

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the defendant's motion for summary judgment, noticed for submission on

---

Sided MRI of New Orleans, LLC; and (6) Causeway Interventional Medicine, LLC.

3

October 31, 2018, have been submitted. Accordingly, the motion is deemed to be unopposed.

*B.*

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

*C.*

Under Louisiana law, a "concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding." La. Code Civ. Proc. art. 4651. Louisiana law further provides that "[e]ach defendant in a concursus proceeding is considered as being both a plaintiff and a defendant with respect to all other parties." Id. art. 4656. "After the deposit of money into the registry of the court, the plaintiff is relieved of all liability to all of the defendants for the money so deposited." Id. art. 4658.

II.

In this case, one of the defendants-in-concursus, North Oaks, moves for summary judgment, seeking distribution of the proceeds in accordance with the remaining defendants' agreement, and dismissal of this action. North Oaks contends that, because all remaining defendants have agreed upon a distribution of the funds, there is no genuine dispute of material fact regarding the amount to which each is entitled, such that summary judgment is appropriate. The Court agrees. The six defendants-in-concursus remaining in this action have asserted their claims against one another and reached an agreement. And the plaintiff has not filed an opposition to challenge that agreement.

Accordingly, because the defendant's motion is deemed to be unopposed, and it appears to the Court that the motion has merit, IT IS ORDERED: that the defendant's motion is GRANTED as unopposed, and the funds are to be disbursed in accordance with the aforementioned agreement of the defendants-in-concursus. IT IS FURTHER ORDERED: that North Oaks is to submit, not later than Friday, November 2, 2018, at 10:00 a.m., a proposed judgment of dismissal that sets forth the procedure for disbursing such funds.

New Orleans, Louisiana, October 29, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE